IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 06-CR-0012-001-TCK |
| v. ) | |
| ) | USM Number: 09884-062 |
| JASON ERIC DUNN, ) | |
| ) | |
| **Defendant.** ) | |

### OPINION AND ORDER

Before the Court is Defendant's motion for reduction of sentence (Doc. 24). Defendant requests reduction of sentence by granting credit toward his sentence for time spent in official detention, and in the alternative, modification of the judgment to order the instant sentences to run concurrently with discharged State imprisonment terms, thereby accelerating the date of his release from imprisonment.

On June 8, 2006, Defendant appeared for sentencing from State custody on a writ of habeas corpus ad prosequendum, following his plea of guilty to Count One – Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2); Count Two – Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and Count Three – Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Defendant was sentenced to 120 months in the custody of the Bureau of Prisons. The 120-month sentence consisted of 60 month concurrent terms as to each of Counts One and Two, and 60 months as to Count Three, to run consecutively to the terms imposed in Counts One and Two, for a total sentence of 120 months. The Court further ordered the sentences to run consecutively to any undischarged terms of imprisonment imposed in Tulsa County

District Court Case Nos. CF-99-432 and CF-03-166. Defendant was remanded to the custody of the U.S. Marshal for return to State custody.

Defendant's request for jail time credit

Defendant, having served his State imprisonment terms and now in the custody of the Bureau of Prisons (BOP), requests that the Court reduce his sentence by granting jail time credit toward the instant sentences from the date of the federal detainer, January 12, 2006, to the date of his sentencing in the instant case, June 8, 2006 – a period of 142 days. Defendant did not, in his motion, present any information concerning his attempt to remedy any perceived jail time credit miscalculation by the BOP.

It is settled law that "[a] district court has no authority to compute or award sentencing credit at sentencing; rather, it is the Attorney General, through the BOP, which has the power to grant sentencing credit in the first instance." United States v. Mata, 145 Fed. Appx. 276, 280 (10th Cir. 2005) (citing United States v. Wilson, 503 U.S. 329, 334 (1992); United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir. 1994)); see also United States v. Brown, 212 Fed. Appx. 747 (10th Cir. 2007) ("[A] sentencing court is without jurisdiction to award credit under § 3585(b) for time served in prior custody at sentencing.") (citation omitted).

After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed."). To fulfill this duty, BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail time credit under § 3585(b), and because the district court cannot determine the amount of the credit at

sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant. Crediting jail time against federal sentences has long operated in this manner. After Congress enacted § 3568 in 1966, the BOP developed detailed procedures and guidelines for determining the credit available to prisoners. A defendant must raise his issue of credit under § 3585(b) first with the BOP and, if unsatisfied, then seek judicial review pursuant to § 2241. Jenkins, 38 F.3d at 1144; see, e.g., Binford v. United States, 436 F.3d 1252 (10th Cir. 2006); United States v. Mata, 145 Fed. Appx. 276, 280, 2005 WL 1953510, *2 (10th Cir. 2005); Buchanan v. United States Bureau of Prisons, 133 Fed. Appx. 465, 467 (10th Cir. 2005) ("Petitioner must exhaust the available administrative remedies prior to pursuing relief under § 2241.") (citing Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986)).

The BOP has established a grievance procedure for inmates with complaints relative to any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-542.19. The inmate must first attempt to resolve his complaint informally with his prison counselor. 28 C.F.R. § 542.13. If unable to reach an informal resolution, the inmate may then direct his complaint to the warden through a written administrative remedy request, using Form BP-9. Id. §§ 542.13, 542.14. After the warden's response, if still unsatisfied, the prisoner may submit an appeal to the Regional Director, using Form BP-10. Id. § 542.15(a). Finally, the inmate may file a final administrative appeal to the Office of the General Counsel in Washington, D.C., using Form BP-11. Id. § 542.15(b)(2).

This Court has no authority to compute or award sentencing credit at sentencing or later order application of jail credits toward a sentence. Defendant has apparently failed to fully exhaust all administrative remedies and did not present a comprehensive statement of his claims. Further, Defendant has failed to either attach copies of these administrative proceedings or describe their

disposition with specificity, as required by 42 U.S.C. § 1997e(a). Accordingly, Defendant's request for reduction of sentence by awarding jail time credits is dismissed for lack of jurisdiction.

<u>Defendant's request for a concurrent sentence and designation of a state facility</u>

Defendant further moves for modification of the judgment to order the instant sentences run concurrently with the sentences imposed in Tulsa County District Court Case Nos. CF-99-432 and CF-03-166. Although Defendant has satisfied these sentences, an order that the federal terms run concurrently with the discharged State terms will, in effect, cause the instant sentences to commence on the date of sentencing, and thereby hasten his release from imprisonment by approximately twenty-four months.

The Court does not have the authority to amend the judgment. A district court's authority to reconsider sentencing may only stem from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. <u>United States v. Mendoza</u>, 118 F.3d 707, 709 (10th Cir. 1997); <u>see also United States v. Smartt</u>, 129 F.3d 539, 541 (10th Cir. 1997) (holding that unless the basis for resentencing falls within one of the specific categories authorized by statute, the district court lacks jurisdiction to consider defendant's request); <u>United States v. Blackwell</u>, 81 F.3d 945, 947, 949 (10th Cir.1996) (holding a district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so, so a district court does not have inherent power to resentence defendants at any time); 18 U.S.C. § 3582(b). Defendant's request for modification of judgment to order a concurrent sentence is dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant's motion for reduction of sentence (Doc. 24) is **dismissed for lack of jurisdiction**.

**IT IS SO ORDERED** this 15th day of November, 2010.

*/s/ Terence Kern*
**TERENCE KERN**
**United States District Judge**